NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-539

COMMONWEALTH

vs.

CARMELO MEDINA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted by a jury in the Boston Municipal Court of assault and battery; the victim was his workplace supervisor.[1]  Because we are not persuaded that any error in the evidentiary rulings made by the trial judge resulted in a substantial risk of a miscarriage of justice, see Commonwealth v. Dargon, 457 Mass. 387, 398 (2010), we affirm the defendant's conviction.

1.  References to "assault" in victim's medical records. The Commonwealth alleged that the defendant attacked and injured the victim while both men were at work.  Shortly after the incident, the victim went to the emergency room at a nearby hospital where he was treated and released.  On the day of

---

[1] He was acquitted of a separate charge of strangulation or suffocation against the same victim.

trial, the prosecutor moved in limine to offer the records of the victim's medical treatment as evidence at trial. The defendant objected to any references in those records to the victim's being "choked" and "ambushed from behind"; the judge allowed the Commonwealth's motion subject to the redaction of any references to the victim's being "ambushed from behind."[2] In several places, the records, as redacted, included references to the victim's primary complaint as being "assault." The records as introduced also included a "patient education" entry defining "[g]eneral [a]ssault" to include "any behavior or physical attack -- whether it is on purpose or not -- that results in injury to another person[.]"

On appeal, the defendant argues that the judge erred in admitting the records referencing the victim's "assault" because the statements' probative value was substantially outweighed by the danger of unfair prejudice and, in the case of the patient education materials, because the definition of assault included in them would have confused the jurors. See Mass. G. Evid. § 403 (2021).

The defendant did not object at trial to the references in the treatment notes to the victim's report of "assault," and we are not persuaded that the admission of those statements in

_____

[2] Counsel indicated that they would undertake the necessary redactions and provide "a fresh copy" for the jury.

2

evidence created a substantial risk of a miscarriage of justice. See Dargon, 457 Mass. at 398. First, the statements were no more than repetitions of "the victim's descriptions of the acts [he] claims occurred," and so "constitute[d] 'fact-specific references to the reported cause of [his] injuries' made for purposes of obtaining medical treatment." Id. at 396, quoting Commonwealth v. DiMonte, 427 Mass. 233, 242 (1998). "[T]hese statements were thus admissible even though 'incidental to liability.'" Dargon, supra. Second, at trial, the defendant did not seriously challenge that he fought with the victim or that he caused the injuries described by the victim and depicted in the trial exhibits; rather, he argued that the attack was the result of the victim's provoking him, and that he acted in self-defense. The references in the medical records to the victim's report of an "assault" added nothing to the facts the defendant had effectively conceded at trial -- that the victim reported the altercation as an assault -- and to the extent that the jury may have considered them, their substance was not inconsistent with the theory offered by the defense.

We agree with the defendant that the educational materials on "general assault" should not have gone to the jury but, again, discern no substantial risk of a miscarriage of justice created by their admission. Neither party highlighted the discharge instructions at trial, and, as we have noted, there

3

was no objection to their admission.  Importantly, the judge clearly and correctly instructed the jury on the fact that she was the source of the governing law in the case, and on the elements of assault as charged in the case on which they were deliberating.  We presume that the jury followed the judge's instructions, notwithstanding the materials on "general assault" included in the medical records.  See Commonwealth v. Silva, 482 Mass. 275, 290 (2019) ("The jury are presumed to follow all instructions they are given").

2.  Evidence defendant "found guilty" by union.  As we note above, the incident giving rise to the charges against the defendant occurred while the defendant and the victim were together at work.  On direct examination, the following exchange took place between the prosecutor and the victim:

Q.:  "Are you aware, is [the defendant] still employed with the . . .[c]ompany?"

A.:  "No, he's not."

Q.:  "Okay."

A.:  "He was found guilty by the union and he was released."

There was no objection to this unsolicited statement about the union action; a trial judge is not obligated to strike unobjected-to hearsay evidence.[3]  See Commonwealth v. Pimental,

---

[3] The parties disagree whether the victim's statement was inadmissible hearsay.  Given our conclusion that the admission

4

54 Mass. App. Ct. 325, 330 (2002). While the jury should not have heard the victim's unsolicited statement about the union's decision, it was not referred to again during the trial.[4] We are satisfied that in the circumstances here, the statement does not raise a "serious doubt whether the result of the trial might have been different had the error not been made" (quotations omitted). Commonwealth v. Curran, 488 Mass. 792, 794 (2021), quoting Commonwealth v. Valentin, 470 Mass. 186, 189 (2014). Accordingly, we are satisfied that the admission of that statement did not create a substantial risk of a miscarriage of justice, whether considered in isolation or together with any other errors in the case.

Conclusion. The conviction is affirmed.

Judgment affirmed.

By the Court (Green, C.J., Rubin & Hand, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered: April 3, 2023.

---

of the victim's statement did not create a substantial risk of a miscarriage of justice, we assume for the sake of argument that it was.

[4] We also consider it unlikely that the jury would conclude that "the union" could render a criminal verdict.

[5] The panelists are listed in order of seniority.